**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DUANE HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:20-cv-332 |
| ) | |
| SEABOARD FOODS OF IOWA, L.L.C., ) | Removed from Iowa District Court |
| and SEABOARD FOODS SERVICES, INC. ) | for Davis County, Case No. |
| ) | LALA012698 |
| Defendants. ) | |

**NOTICE OF REMOVAL
[28 U.S.C. § 1332; 28 U.S.C. § 1441; 28 U.S.C. § 1446]**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Seaboard Foods of Iowa, LLC and Seaboard Foods Services, Inc. hereby remove the action filed by Plaintiff Duane Hill from the Iowa District Court for Davis County to the United States District Court for the Southern District of Iowa, Central Division. In support of this removal, Defendants state as follows:

**Background**

1. On or about October 1, 2020, Plaintiff filed his Petition in the Iowa District Court for Davis County, Case No. LALA012698. *See* **Exhibit A**.

2. A summons was issued for Defendants on October 2, 2020. *See* **Exhibit A**.

3. Defendants were served with a copy of the Summons and Petition on October 6, 2020. *See* **Exhibit B**.

4. Defendants have not filed an Answer to Plaintiff's Petition in state court.

5. Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants' removal of the pending court action is timely based on the service date of the Summons and Petition upon Defendants.

6. Pursuant to 28 U.S.C. §§ 1446, copies of all process, pleadings, and orders served upon Defendants in the state court are attached as **Exhibits A and B**.

## Grounds for Removal

7. Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over controversies between citizens of different states. This Court has jurisdiction over this civil action based on the diversity of the parties, in that Plaintiff and Defendants are residents of different states. This Court also has jurisdiction because, upon information and belief, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**A.   Plaintiff and Defendants are citizens of different states.**

8. Plaintiff is a resident and citizen of the State of Iowa. *See* **Exhibit A**.

9. Defendant Seaboard Foods of Iowa, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Kansas. Seaboard Foods LLC is a limited liability company organized under the laws of the State of Oklahoma, with its principal place of business in the State of Kansas, and is the sole member of Defendant Seaboard Foods of Iowa, LLC. Seaboard Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Kansas, and is the sole member of Seaboard Foods LLC. Consequently, Defendant Seaboard Foods of Iowa, LLC is a citizen of States of Oklahoma, Delaware and Kansas, and not a citizen of the State of Iowa. *See* **Exhibit C**.

10. Defendant Seaboard Food Services, Inc. is a corporation organized under the laws of the State of Kansas, with its principal place of business in the State of Kansas. Consequently, Defendant Seaboard Food Services is a citizen of the State of Kansas, and not a citizen of the State of Iowa. *See* **Exhibit C**.

11.     Accordingly, complete diversity exists between the parties.

**B.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.**

12.     In his Petition, Plaintiff alleges violations of public policy in the State of Iowa in Defendants terminating his employment. *See* **Exhibit A**.

13.     While Plaintiff does not specifically allege the amount in controversy, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14.     In determining whether the amount in controversy requirement is satisfied for jurisdictional purposes, courts will look at whether the factfinder can legally conclude from the pleadings and available evidence that the plaintiff's alleged damages exceed $75,000.00. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also Wang v. Pacific Cycle, Inc.*, 530 F.Supp.2d 1048, 1051 (S.D. Iowa. 2008). An amount contained in the pleadings is not dispositive of this issue. *See State ex rel. Pemiscot Cnty v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995).

15.     Courts consider compensatory damages and punitive damages in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *see also Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005); *Feller v. Hartford Life and Ac. Ins. Co.*, 817 F.Supp.2d 1097, 1101 (S.D. Iowa 2010).

16.     Relying on the allegations in the Petition and prayer for relief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17.     Plaintiff's Petition alleges Defendants terminated his employment on or about June 11, 2019 and seeks damages as a result, including compensatory and punitive damages. *See* **Exhibit A, Prayer for Relief**.

18. Jury verdicts received by plaintiffs in the State of Iowa who have brought allegations of retaliation similar to those contained in Plaintiff's Petition demonstrate the amount in controversy often exceeds $75,000.00. A non-exhaustive list of such awards includes the following:

- *Mowery v. City of Carter Lake*, Case No. 04781-LACV-115458 (Dist. Ct. of Pottawattamie County, Iowa, Sept. 2019) (awarding plaintiff $271,286 in compensatory damages on a retaliation claim and an allegation of a violation of public policy).

- *Monohon v. BNSF Railroad Company*, Case No. 4:14CV00305 (S.D. Iowa 2016) (awarding plaintiff $500,000 in compensatory damages on a retaliation claim).

- *Moenck v. Hy-Vee Drugstore No. 3*, Case No. 06571-LACV-081214 (Dist. Ct. of Linn County, Iowa, April 2016) (awarding plaintiff $153,066 in compensatory damages on a retaliation claim).

- *Thramer v. Ankeny Community School District*, Case No. 05771-LACL-129453 (Dist. Ct. of Polk County, Iowa, May 2015) (awarding plaintiff $174,251 in compensatory damages on a retaliation claim and for an allegation of constructive discharge in violation of public policy).

- *Johnson v. Lamco Ltd.*, Case No. LACV 56673 (Dist. Ct. of Dubuque County, Iowa, Sept. 2012) (awarding plaintiff $14,412 in compensatory damages and $150,000 in punitive damages on a retaliation claim and for an allegation of wrongful discharge in violation of public policy).

- *Daugherty v. TrafFix Devices*, Case No. LALA3266 (Dist. Ct. of Jefferson County, Iowa, March 2008) (awarding plaintiff $86,172.10 in compensatory damages and

$75,000 in punitive damages on a retaliation claim and for an allegation of wrongful discharge).

- *Shepard v. Wapello County, Iowa*, Case No. 401-CV-30260 (S.D. Iowa 2003) (awarding plaintiff $378,000 in compensatory damages on a retaliation and wrongful discharge claim).

19. Based on the foregoing, the amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold so to invoke diversity jurisdiction as set forth under 28 U.S.C. § 1332.

20. In addition to filing this Notice of Removal in the office of the Clerk for the United States District Court for the Southern District of Iowa, Central Division, Defendants have also given notice of the removal to the Iowa District Court for Davis County, as required by 28 U.S.C. 1446(d). A copy of the Notice to be filed with the Circuit Court of Greene County, Missouri is attached as **Exhibit D**.

21. A copy of the Civil Cover Sheet filed in this matter is attached as **Exhibit E.**

WHEREFORE, Defendants respectfully removes the above-captioned action from the Iowa District Court for Davis County to the United States District Court for the Southern District of Iowa, Central Division.

Respectfully submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

By: */s/ Bruce A. Moothart*
Bruce A. Moothart, IA. Bar No. 13698
4801 Main Street, Suite 310
Kansas City, Missouri 64112
Telephone: (816) 756-0700
Facsimile: (816) 756-3700
Email: bruce@sbhlaw.com

**Attorneys for Defendants**

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2020, the foregoing was served via the Court's ECF system, which sent notice to all counsel of record.

Katie E. Carlson
Nathan Borland
**Timmer & Judkins, P.L.L.C.**
1415 28th Street, Suite 375
West Des Moines, Iowa 50266
Telephone: (515) 259-7462
Facsimile: (515) 361-5390
Email: katie@timmerjudkins.com
nate@timmerjudkins.com

**Attorneys for Plaintiff**

/s/ *Bruce A. Moothart*
**Attorney for Defendants**