E-FILED 2020 OCT 01 5:06 PM DAVIS - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR DAVIS COUNTY

| | |
|---|---|
| DUANE HILL,<br><br>　　Plaintiff,<br><br>v.<br><br>SEABOARD FOODS OF IOWA, L.L.C.<br>and SEABOARD FOODS SERVICES, INC,<br><br>　　Defendants. | NO. __LALA012698__<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:　　SEABOARD FOODS SERVICES, INC.

　　You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as a defendant in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Katie Ervin Carlson and Nathan Borland of Timmer & Judkins, P.L.L.C., whose address is 1415 28th Street, Suite 375, West Des Moines, IA 50266. Their phone number is (515) 259-7462; facsimile number (515) 361-5390.

　　You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Davis County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

　　If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA Coordinator at (641) 684-6502. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

　　　　　　　　　　　　　　　　　　　　　　　CLERK OF COURT
　　　　　　　　　　　　　　　　　　　　　　　Davis County Courthouse
　　　　　　　　　　　　　　　　　　　　　　　Bloomfield, Iowa

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

EXHIBIT B

E-FILED  2020 OCT 02 8:35 AM DAVIS - CLERK OF DISTRICT COURT

## STATE OF IOWA JUDICIARY

Case No. LALA012698
County Davis

Case Title  HILL, DUANE VS SEABOARD FOODS OF IOWA LLC, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(641) 684-6502**   . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942.**)

Date Issued   10/02/2020 08:35:30 AM



District Clerk of Davis              County
/s/ Kendra Taylor

IN THE IOWA DISTRICT COURT FOR DAVIS COUNTY

| | |
|---|---|
| DUANE HILL,<br><br>Plaintiff,<br><br>vs.<br><br>SEABOARD FOODS OF IOWA, L.L.C.<br>and SEABOARD FOODS SERVICES, INC.<br><br>Defendants. | NO. LALA012698<br><br><br><br><br>**PETITION and JURY DEMAND** |

COMES NOW the Plaintiff and for his cause of action hereby states the following:

**INTRODUCTION**

1. This is an action challenging Defendants' wrongful termination of Plaintiff's employment in violation of the public policy of the State of Iowa.

2. Plaintiff Duane Hill is a resident of Decatur County, Iowa.

3. Defendant Seaboard Foods of Iowa, L.L.C. is a Delaware corporation with multiple locations in Iowa, including an office in Bloomfield, and a farm in Leon, both in Davis County, Iowa.

4. Seaboard Foods of Iowa, L.L.C.'s home office is located at 9000 West 67th Street, Shawnee Mission, Kansas, 66202.

5. Defendant Seaboard Foods Services, Inc. is a Kansas corporation with its home office in Merriam, Kansas.

6. Seaboard Foods Services, Inc.'s corporate headquarters is located at 9000 West 67th Street, Shawnee Mission, Kansas, 66202.

7. Seaboard Foods of Iowa, L.L.C. and Seaboard Foods Services, Inc. will be collectively referred to herein as "Seaboard."

1

8.  The acts of which Plaintiff complains occurred in Davis County, Iowa.

## FACTUAL BACKGROUND

9.  Duane Hill ("Duane") started working for Christensen Family Farms as a utility herdsman on October 23, 2012.

10. Duane worked at a swine production facilities in Leon, Iowa.

11. Seaboard bought Christensen Family Farms in or around 2016 and Duane became a Seaboard employee, working at farms #798, #812, and #813.

12. Since 2016, Duane's paychecks have come from Seaboard Foods Services, Inc.

13. The handbook Duane received when he became an employee of Seaboard was labeled Seaboard Foods of Iowa.

14. Duane's duties as a utility herdsman included raising and maintaining pigs until they were mature enough to transfer to a sow farm for breeding.

15. Multi-Site Manager Gary Osborn ("Gary") became Duane's supervisor in October 2018.

16. On January 28, 2019, Duane noticed his paycheck did not accurately reflect the hours he worked.

17. Duane reported the paycheck discrepancy to Gary.

18. In response, Gary explained that he deducted thirty minutes each day from employees' paychecks for a lunch break, regardless of whether they actually took a lunch break.

19. At that time, Duane and his coworkers worked through lunch and did not take a lunch break.

20. Duane left a voicemail with the Iowa Department of Labor, complaining that Gary deducted thirty minutes each day from employees' paychecks for a lunch break, even when they didn't take a lunch break.

21. Duane also reported his unpaid wages to Human Resources Supervisor Erin Hyde ("Erin").

22. On February 15, Gary told Duane that he blew his chances of ever moving up in the company because he complained to Human Resources.

23. Gary also told Duane he "should just leave the company now."

24. In approximately March 2019, Seaboard started a breed project, so for a period of time Duane stopped working on farm #798.

25. On March 28, Gary wrote Duane up for "talking bad about the company."

26. Duane did not talk bad about Seaboard.

27. On April 9, Duane got a bloody nose at work.

28. Gary told Duane that he would stop getting bloody noses if he "quit snorting drugs."

29. Duane has never used drugs.

30. Duane complained to Erin about Gary's drug use comment.

31. During his complaint about Gary's drug use comment, Duane also told Erin he felt Gary was retaliating against him for complaining about the unpaid wages.

32. Erin disregarded Duane's complaint of retaliation.

33. In May, Duane started working on farm #798 again.

34. That same month, Duane chored farm # 798 and observed animal mistreatment.

35. Specifically, Duane observed at farm #798:

      a. bred gilts over capacity;

      b. pigs not being properly cared for;

      c. pigs with broken legs, scratches, and cuts;

      d. some pigs physically unable walk and lying on the ground wailing; and

      e. dead pigs laying in the pen after the breeders had gone home for the day.

36. Because of the pigs' condition at the farm, approximately 16 were euthanized.

37. As Multi-Site Manager, Gary oversaw farm #798.

38. Production Manager Dan Jorgensen oversaw the breeders at farm #798.

39. On May 23, Duane reported the animal mistreatment to both Gary and Health Inspector William Contrell.

40. Contrell subsequently visited farm #798, documented the deficiencies, and forwarded his report and Duane's initial complaint to Operations Manager Ian Levis.

41. Upon information and belief, Gary received some kind of reprimand from Seaboard related to the animal conditions at farm #798.

42. Whenever Duane tried to talk to Gary about animal mistreatment, Gary would say something along the lines of, "we'll just let you go and ship in a bunch of Mexicans to take your place; your job is not secure and we don't need you."

43. On or about June 5, Gary again wrote Duane up, this time for unloading underweight pigs at farm #812 on May 28.

44. When Gary gave Duane the write-up, he said something along the lines of, "Jim Crane said someone needed to be written up, but it isn't going to be me, so it's going to be you."

45. Duane was not on farm #812 on May 28 when the pigs were being unloaded, he was at farm #798.

46. Further, Duane was not responsible for deciding when to unload pigs or which pigs would be unloaded.

47. After Duane went home for the day on June 5, Gary called Duane on the phone and escalated the write-up to a suspension.

48. On or about June 5, underweight pigs were loaded from farm #812.

49. No one was disciplined for the June 5 load and unload of underweight pigs from farm #812.

50. On or about June 7, Erin called Duane to get his side of the story regarding the May 28 issue.

51. During the phone call, Duane explained to Erin that he was not farm #812 when the pigs were unloaded on May 28.

52. During the phone call, Duane also explained to Erin that he did not decide when to unload pigs or which pigs would be unloaded.

53. During the phone call, Duane told Erin that he thought Gary was retaliating against him for reporting the pay discrepancy and for reporting the animal welfare issue.

54. Erin again disregarded Duane's complaint of retaliation.

55. On June 11, Erin fired Duane but did not give him a reason for his discharge.

56. The next day, Duane called Erin and asked why he had been fired.

57. Erin said that Duane broke company policy by engaging in disorderly conduct.

58. Duane did not break company policy or engage in disorderly conduct.

59. During the call, Duane also complained to Erin that on or about June 5, underweight pigs were loaded from farm #812 and no one was disciplined for that.

60. Defendants Seaboard Foods of Iowa, L.L.C. and Seaboard Foods Services, Inc. were Plaintiff's joint and/or integrated employers.

61. In the alternative, either Defendant Seaboard Foods of Iowa, L.L.C. or Seaboard Foods Services, Inc. was Plaintiff's employer.

62. Gary Osborn was an employee and agent of Seaboard, acting at all material times in the scope of his employment and agency.

63. Erin Hyde was an employee and agent of Seaboard, acting at all material times in the scope of her employment and agency.

64. William Contrell was an employee and agent of Seaboard, acting at all material times in the scope of his employment and agency.

65. Ian Levis was an employee and agent of Seaboard, acting at all material times in the scope of his employment and agency.

66. Jim Crane was an employee and agent of Seaboard, acting at all material times in the scope of his employment and agency.

67. Dan Jorgensen was an employee and agent of Seaboard, acting at all material times in the scope of his employment and agency.

## COUNT I
## RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

68. Plaintiff repleads the allegations of paragraphs 1 through 67 above as if fully set forth herein.

69. It violates the public policy of the State of Iowa for an employer to fire or otherwise retaliate against an employee for reporting to his employer actions that violate the law, protesting violations or planned violations of law, or insisting that his employer obey the law.

70. Iowa Code § 91A.10(5) prohibits employers from firing employers who complain about or report unpaid wages or unlawful wage deductions.

71. In reporting unpaid wages or unlawful wage deductions, Plaintiff exercised a right or duty protected by the public policy of the state of Iowa.

72. Iowa Code Ch. 717 prohibits injury to livestock, whether intentional or negligent.

73. In reporting that one of Seaboard's farms was violating animal treatment laws and the conditions there had resulted in the euthanasia of 16 pigs, Plaintiff exercised a right or duty protected by the public policy of the state of Iowa.

74. Defendants fired Plaintiff for complaining about or reporting unpaid wages or unlawful wage deductions and/or for complaining about violations of animal treatment laws.

75. If allowed to go unremedied, such discharge would frustrate well-recognized and defined public policies of the State of Iowa.

76. As a proximate result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, past and future lost wages and benefits, and other emoluments of employment.

77. Defendants' conduct was directed at Plaintiff and Defendants acted with willful and wanton disregard for Plaintiff's rights and safety.

WHEREFORE, Plaintiff demands judgement against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for punitive

damages against Defendants in an amount sufficient to punish them and to deter them and others; for interest as allowed by law, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the public policy of the State of Iowa.

## JURY DEMAND

COMES NOW the Plaintiff and requests a trial by jury.

/s/ *Katie Ervin Carlson*
TIMMER & JUDKINS, P.L.L.C.
Katie Ervin Carlson AT0008958
katie@timmerjudkins.com
Nathan Borland AT0011802
nate@timmerjudkins.com
1415 28th Street Suite 375
West Des Moines, Iowa 50266
Telephone: (515) 259-7462
Fax: (515) 361-5390
**ATTORNEYS FOR PLAINTIFF**

# AFFIDAVIT OF
# RETURN OF SERVICE

**STATE OF IOWA**  CASE #LALA012698

**DAVIS COUNTY**

**CASE NAME:** DUANE HILL
VS
SEABOARD FOODS OF IOWA, L.L.C. AND
SEABOARD FOODS SERVICES, INC.

I, the undersigned, being duly sworn on oath, do hereby depose and state that I received the **ORIGINAL NOTICE; PETITION AND JURY DEMAND**

Received on the 5 day of October, 2020; served on the 6 day of October, 2020 at 11:42am

I served the same on the within name Seaboard Foods of Iowa, LLC
At 400 Locust St., Ste. 400, **DES MOINES, IOWA**

by delivering a true and identical copy of each such item in the following manner:

____  I served the same by delivering a copy thereof to the above personally.

____  I served the same on the above person at the person's dwelling house or usual place of abode, by there delivering a copy thereof to a member of the family, or a manager, clerk, proprietor or custodian named and described below, a person who was then at least eighteen years old, who resides at this address.

X  I served to above company, corporation, etc., by delivering a copy to the person named and described below. Said service was made at the address shown below, if any otherwise at the above address.

Service Fee _____  Located at _____

Mileage _____  Remarks  c/o National Corporate Research Ltd., Registered Agent / Sam Clemons

Service Charge _____  _____

Total Charges: $40.00   By: _____
C Miller Investigations, Inc.

Subscribed and sworn to before by the said Raymond Miller (R. Miller)
In Polk County, Iowa on this the 8 day of October, 2020

By: _____
Notary Public for the State of Iowa



DONNA C RAY
Commission Number 781706
My Commission Expires
December 06, 2022

# AFFIDAVIT OF
# RETURN OF SERVICE

**STATE OF IOWA**

CASE #LALA012698

**DAVIS COUNTY**

**CASE NAME:**

DUANE HILL

VS

SEABOARD FOODS OF IOWA, L.L.C. AND
SEABOARD FOODS SERVICES, INC.

I, the undersigned, being duly sworn on oath, do hereby depose and state that I received the **ORIGINAL NOTICE; PETITION AND JURY DEMAND**

Received on the 5 day of October, 2020; served on the 6 day of October, 2020 at 11:42am

I served the same on the within name Seaboard Foods Services, Inc.
At 400 Locust St., Ste. 400, **DES MOINES, IOWA**

by delivering a true and identical copy of each such item in the following manner:

_____  I served the same by delivering a copy thereof to the above personally.

_____  I served the same on the above person at the person's dwelling house or usual place of abode, by there delivering a copy thereof to a member of the family, or a manager, clerk, proprietor or custodian named and described below, a person who was then at least eighteen years old, who resides at this address.

__X__  I served to above company, corporation, etc., by delivering a copy to the person named and described below. Said service was made at the address shown below, if any otherwise at the above address.

Service Fee _____  Located at _____

Mileage _____  Remarks: c/o National Corporate Research Ltd., Registered Agent / Sam Clemons

Service Charge _____

Total Charges: $5.00

By: _____
C Miller Investigations, Inc.

Subscribed and sworn to before by the said Raymond Miller (R. Miller)
In Polk County, Iowa on this the 8 day of October, 2020

By: _____
Notary Public for the State of Iowa

DONNA C RAY
Commission Number 781706
My Commission Expires
December 06, 2022